

# Fourth Court of Appeals
## San Antonio, Texas

February 4, 2014

No. 04-13-00395-CR

Rigo **GUERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-09-00042-CRL
Honorable Donna S. Rayes, Judge Presiding

# O R D E R

Appellant's brief was originally due to be filed on November 18, 2013. Appellant's first motion requesting an extension of time to file the brief was granted, extending the deadline for filing the brief to December 18, 2013. On December 27, 2013, the appellant filed a motion requesting an additional extension of time to file the brief until January 17, 2014, for a total extension of sixty days. By order dated December 30, 2013, the motion was granted. The order stated that appellant's brief must be filed by January 14, 2014. The motion further stated, "**THIS IS THE FINAL EXTENSION OF TIME THAT THE APPELLANT WILL BE GRANTED**."

The brief was not filed by the January 14, 2014. On January 21, 2014, this court issued an additional order extending the deadline for filing the brief to January 27, 2014. The order stated that if the brief was not filed by January 27, 2014, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions were appropriate against appellant's attorney. TEX. R. APP. P. 38.8(b)(2). The brief was not filed by January 27, 2014.

Pursuant to rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?  If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has appointed or retained counsel abandoned the appeal?  Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file  supplemental clerk's and reporter's records in this court, no later than March 6, 2014, which shall include: (1) a transcription of the hearing and copies of  any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.

_____
Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court